[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
{¶ 1} Christopher C. Lykins appeals from the judgment of the Franklin County Court of Common Pleas. A jury rendered a verdict in favor of Charles W. Brewer, and the trial judge refused to overturn the verdict following Mr. Lykins' motion for a new trial.
 {¶ 2} A single assignment of error has been submitted for our review:
 {¶ 3} "The trial court erred in denying plaintiff's motion for a new trial. Further, the jury verdict was against the manifest weight of the evidence."
 {¶ 4} Normally, the two portions of this assignment of error would be analyzed separately. However, the motion for a new trial was based upon an assertion that the jury's verdict was against the manifest weight of the evidence. We therefore have a common theme in the two assertions in the assignment of error.
 {¶ 5} When reviewing a trial court's decision on a manifest weight of the evidence basis, we are guided by the presumption that the findings of the trial court were correct. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The rationale for this presumption is that the trial court is in the best position to evaluate the evidence by viewing witnesses and observing their demeanor, voice inflections, and gestures. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77. Thus, verdicts which are based upon competent credible evidence going to all the essential elements of the case will not be overturned as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279.
 {¶ 6} The issue at trial was whether or not Charles W. Brewer negligently caused an automobile collision which resulted in injury to Christopher Lykins.
 {¶ 7} On October 16, 1998, a motor vehicle driven by Janet Hein, collided with a motor vehicle being operated by Carlos R. Lykins. Janet Hein testified that her car was struck from behind by the truck being driven by Charles W. Brewer, which knocked her into the Lykins' vehicle. Mr. Brewer testified that the Hein vehicle had already struck the Lykins' vehicle before he hit the Hein vehicle. Mr. Brewer testified that he was sure of the order of the collision because he saw an airbag in the Hein vehicle deploy before he struck the Hein vehicle. The jury resolved the conflicting testimony with a defense verdict and an answer of "no" to the following interrogatory (A):
 {¶ 8} "Do you find by a preponderance of the evidence that plaintiff has proven that any negligence on the part of defendant Charles Brewer directly and proximately caused injury to plaintiff"?
 {¶ 9} Janet Hein testified that she was the Assistant Director of the University of Minnesota Law School on October 16, 1998. She was in Columbus recruiting potential law students at an event at The Ohio State University. After the event was over, she got on I-71 to drive to Cincinnati, where she planned to visit relatives.
 {¶ 10} Ms. Hein's only testimony was as follows:
 {¶ 11} "I was stopped in traffic on 71 south. My foot was on the brake. The lights were red in front of me, and I was hit from behind. After I was hit from behind, my airbag went off, and I was pushed into a vehicle in front of me.
 {¶ 12} "Q. Did you strike the vehicle ahead of yours before you were struck from the rear?
 {¶ 13} "A. No, I did not.
 {¶ 14} "Q. How do you know that?
 {¶ 15} "A. I know that because my car was stopped.
 {¶ 16} "Q. And about how long had you been stopped prior to the impact you described?
 {¶ 17} "A. Approximately five to ten minutes.
 {¶ 18} "* * *
 {¶ 19} "Q. When the airbag went off, was it on both sides, or just your side, if you recall"? (Tr. at 6-7.)
 {¶ 20} Ms. Hein acknowledged that her airbag deployed on the driver's side. She testified that the Brewer truck hit her car so hard that it had compressed her trunk approximately up to the rear seat. In turn, the passenger side bumper of her car hit the vehicle in front of her — the Lykins' vehicle.
 {¶ 21} On cross-examination, Ms. Hein testified that because she had been working for the University of Minnesota at the time of the collision, she sought medical attention from a university doctor. She stated that she had not sued Charles Brewer as a result of the collision. And, after the collision, Christopher Lykins did not appear to her to have been injured.
 {¶ 22} Charles W. Brewer first testified as if he were on cross-examination for the plaintiff's case. He testified that he was on the way home from his sister's house on Hudson Avenue on the afternoon of October 16, 1998. He took I-71 through downtown Columbus, but traffic was heavy so he never got over 20 m.p.h. in speed. He claims he never left first gear.
 {¶ 23} Near the area where I-71 merges with I-70 in downtown Columbus, Charles Brewer started to change lanes. He looked over and put on his turn signal. When he looked back in front of him, he saw the Hein vehicle which he struck. He claimed the Hein vehicle was already "skidding in front of me. I saw * * * airbags deploying. I could not get my truck stopped in time. I locked the brakes up. I think I even swerved to the right to try to avoid it, even though there was a car on the right side of me, and I think my left front hit her right rear." (Tr. at 19-20.)
 {¶ 24} Later, Mr. Brewer testified that he was going "20 miles an hour. I mean 20 to 25 miles an hour. I mean, I know it wasn't no faster than that." (Tr. at 21.)
 {¶ 25} He testified further:
 {¶ 26} "A. I hit her while I was on the brakes.
 {¶ 27} "Q. All right. How much had you slowed to at the time that you hit her?
 {¶ 28} "A. Not very much." (Tr. at 21.)
 {¶ 29} Mr. Brewer was driving a GMC truck with a vehicle weight of approximately 4200 pounds.
 {¶ 30} Christopher C. Lykins testified that he and his brother had "run up on backed-up traffic" and "had to stop." Later, he testified that "it seemed like it was going slow." Then he heard the brakes, heard the crash and then the truck he was in went around. He could not say how many collisions or impacts occurred.
 {¶ 31} Mr. Lykins testified that he had attended high school until the 10th grade, taking special education courses.
 {¶ 32} Charles W. Brewer testified again in the defense case. He stated that he had not been able to see the driver's side airbag, but had seen the passenger side airbag deploy. This conflicts with Ms. Hein's testimony that only the driver's side airbag deployed, and his own testimony set forth above, that he saw "airbags" deploy. And, on cross-examination, counsel for Christopher Lykins further questioned Charles Brewer's actual ability to observe the airbag or airbags from his vantage point — arguing that Brewer's view from the height of the driver's seat of a full-sized pickup truck would prohibit his ability to see through the back window all the way to the dashboard of the Cavalier driven by Ms. Hein.
 {¶ 33} The testimony about the actual facts of the collision from the two key witnesses, Janet Hein and Charles Brewer, is clearly conflicting. Each witness had some inconsistencies in her or his testimony. The seven exhibits which are pictures of the Brewer and Lykins' vehicles show relatively minor damage to the GMC truck driven by Mr. Brewer and significant damage to the rear of the truck on the driver's side of the Lykins' vehicle. No pictures of the Hein vehicle, which was a rental car, are in the record before us.
 {¶ 34} According to Mr. Brewer's testimony, he struck the Hein vehicle when it was already in contact or had already been in contact with the Lykins' vehicle. By his own admission, he was operating at a speed such that he could not bring his vehicle to a stop within the assured clear distance ahead. Due to the size and speed of his vehicle, he had to have contributed to the property damage suffered by all. However, property damage was not the issue before the trial court. The issue was negligently inflicted personal injury.
 {¶ 35} The issue of proof of personal injury is complicated by the unanswered questions of which vehicle caused how much force to strike the Lykins' vehicle. The issue is also complicated by Christopher Lykins' serious mental limitations. The record before us is such that we could find competent credible evidence in support of either a defense verdict or a plaintiff's verdict. Under the circumstances, we cannot say that the jury lost its way or the trial judge erred in refusing to grant a new trial.
 {¶ 36} The sole assignment of error is therefore overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT, J., and PETREE, P.J., concur.